UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL LEWELLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00030-O |
| | § | |
| PAMELA BONDI, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 26); Plaintiff's Response (ECF No. 31); Amicus Brief filed in Support of Plaintiff's Response filed by Bitcoin Policy Institute, Blockchain Association, Crypto Council For Innovation, Defi Education Fund, Paradigm Operations LP, Solana Policy Institute, The Digital Chamber, Uniswap Foundation (ECF No. 34); and Defendant's Reply (ECF No. 37).  Having reviewed the briefing and applicable law, the Court **GRANTS** the Motion to Dismiss.

### I.    BACKGROUND[1]

Plaintiff Michael Lewellen ("Lewellen") plans to start a business based on a cryptocurrency software product he developed called Pharos. The software "facilitates cryptocurrency donations to charitable crowdfunding campaigns."[2]  Lewellen alleges his software is "non-custodial," meaning that he would have "no custody or control over any cryptocurrency that others put through it."[3]  "He intends to pay for and maintain a website from which users can

---

[1] Unless otherwise indicated, all facts are taken from Plaintiffs' Complaint (ECF No. 1).
[2] Resp. 1, ECF No. 31.
[3] *Id.*

access an optional interface to use Pharos."[4] Lewellen "will not register his business as a federal money transmitter" because "it will be impossible to comply with the reporting requirements that registration would demand."[5] He says this is because the privacy technology he intends to incorporate into Pharos would prevent him from getting "access to the information about users that compliance would require."[6] He also disclaims any intent to transport or criminal funds using his software.

Lewellen has refrained from launching his business out of fear of prosecution under 18 U.S.C. § 1960.  This statute criminalizes the failure "to comply with the money transmitting business registration requirements under 5330 of title 31, United States Code, or regulations prescribed under such section" for "whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business[.]"  18 U.S.C. § 1960. He is concerned that he will face prosecution for his business that uses his non-custodial code because there are "several ongoing cases with operating unlicensed 'money transmitting' businesses under 18 U.S.C. §[]1960(b)(1)(B)"[7] involving similar non-custodial software.  He filed this action, seeking a declaratory judgment that his actions are legal and an "injunction preventing the enforcement of the federal money transmitting laws against Lewellen's planned cryptocurrency business."[8]  The Government moved to dismiss, and its motion is ripe for review.

---

[4] *Id.* at ¶ 54.
[5] Compl. ¶ 56, ECF No. 1.
[6] *Id.*
[7] Resp. 1, ECF No. 31.
[8] Compl. ¶ 38, ECF No. 1.

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Under the Constitution's Article III cases and controversies requirement, a plaintiff must establish standing to sue. Standing requires: (1) an injury in fact, (2) a sufficient "causal connection between the injury and the conduct complained of" and (3) a likelihood that the injury will be redressed by a favorable decision. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 606 (5th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); U.S. CONST. art. III, § 2. The injury must be concrete and particularized, not merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). A "'threatened injury must be certainly impending to constitute [an] injury in fact,' and . . . '[a]llegations of possible future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). In order "to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

### III.   ANALYSIS

#### A.  Defendants' Rule 12(b)(1) Motion to Dismiss

There is no "unqualified right to pre-enforcement review of constitutional claims in federal court." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 49 (2021).   For pre-enforcement challenges in the Fifth Circuit, a "plaintiff has suffered an injury in fact if he (1) has an intention to engage in a course of conduct arguably affected with a constitutional interest," (2) his intended future conduct is proscribed by statute or policy, and (3) "the threat of future enforcement of the challenged [policy or rule] is substantial."  *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020), *as revised* Oct. 30, 2020 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161–64 (2014)).

Lewellen fails to show there is substantial threat of prosecution under 18 U.S.C. § 1960. *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020).  "[T]here must be some evidence that a rule would be applied to the plaintiff" when he brings an as-applied challenge, as Lewellen does here.  *Umphress v. Hall*, 133 F.4th 455, 464 (5th Cir. 2025) (cleaned up).  This requirement may be satisfied when the "core conduct" of a prior enforcement action is "substantially similar" to a plaintiff's intended actions or where the government has issued warnings against the intended course of conduct.  *Id.* at 466; *See, e.g.*, *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 926 (5th Cir. 2023) (finding a credible threat when plaintiffs "admit they are breaking EEOC guidance, which the EEOC does not seriously contest").

Lewellen argues he has a credible fear of prosecution because of ongoing Department of Justice ("DOJ") cases against defendants "operating unlicensed 'money transmitting' businesses under 18 U.S.C. §[]1960(b)(1)(b)"[9] with similar non-custodial cryptocurrency technology.  That

---

[9] Resp. 1, ECF No. 31.

contention is unpersuasive.  The "core conduct" of those cases is money laundering.[10]  *Umphress*, 133 F.4th at 464.  By contrast, the core conduct here would be running a business.  And Lewellen disclaims any knowing transmission of criminal funds, which is central to the prosecutions he invokes.[11]  Consistent with this distinction, the DOJ has issued a memorandum entitled "Ending Regulation By Prosecution," formally declaring DOJ will not pursue enforcement actions against "virtual currency exchanges, mixing and tumbling services, and offline wallets for the acts of their end users or unwitting violations of regulations"[12]—the exact scenario over which Lewellen brought this suit.

Accordingly, the ongoing cases are not "substantially similar" to Lewellen's intended conduct.  *Id.* at 466.  While both involve non-custodial cryptocurrency technology, similarity of the tools does not establish similarity of conduct.  The critical inquiry is the underlying nature of the conduct, not the mechanism by which the conduct is carried out.  Lewellen admits that his cryptocurrency software code is merely a tool.[13]  The fact that "DOJ has taken the position that 18 U.S.C. § 1960 does not require the business to have control of transferred cryptocurrency as a prerequisite to registering as a money transmitter"[14] while targeting money laundering does not establish a credible threat of prosecution against a business simply because it uses a non-custodial

---

[10] *See* Sealed Indictment, *United States v. Storm et al.*, 23-cr-430, ECF No. 1, ¶¶ 56–68 (S.D.N.Y. Aug. 21, 2023); Sealed Superseding Indictment, *United States v. Rodriguez et al.*, 24-cr-82, ECF No. 4, at ¶ 28 (S.D.N.Y. Feb. 14, 2024).

[11] Compl. ¶ 55, ECF No. 1.

[12] Memorandum from Deputy Attorney General on Ending Regulation by Prosecution to All DOJ employees (April 7, 2025) (available at www.justice.gov/dag/media/1395781/dl?inline).  While this memorandum was published after Plaintiff brought this suit, it aligns with the reason why Plaintiff did not have a credible fear of prosecution at the time of filing.

[13] Compl. ¶ 60, ECF No. 1 ("[S]omeone does not 'transfer,' 'transmit,' or 'accept' some object when he creates the tool that other people use to move it, like Lewellen does with Pharos."); *id.* at ¶ 2 (Lewellen's cryptocurrency software "will simply be a tool that *others* can use to move money, like an envelope used to move checks in the mail.") (emphasis in original); *id.* at ¶ 3 ("The laws against unlicensed money transmission seek to regulate intermediaries in the sensitive business of moving customers' money, not technologists who create tools that allow users to move money themselves.").

[14] Mot. Dismiss 2, ECF No. 26.

cryptocurrency software.  Without more, Lewellen has only "a general fear of prosecution [which] 'cannot substitute for the presence of an imminent, non-speculative irreparable injury.'" *Id.* (citing *Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016).

### IV.    CONCLUSION

Because Lewellen does not show "a credible threat of prosecution" under 18 U.S.C. § 1960, he does not have standing to bring his pre-enforcement challenge. *Driehaus*, 573 U.S. at 159.  Accordingly, the Court **DISMISSES** his claims **without prejudice**.

**SO ORDERED** this **March 25, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**